## Bergen and Wife *vs.* Forsythe, &c.                    Case 12.

### APPEAL FROM LOUISVILLE CHANCERY COURT.          PET. EQ

1. Pr perty conveyed to a *feme covert* by an ordinary deed of conveyance, not to be held as separate estate, is not liable for the debts of the husband contracted either before or after marriage. (*Rev. Stat., chap.* 47, *art.* 2, *sec.* 388.)
2. But is liable for the debts of the wife contracted before marriage, "and for such contracted after marriage, on account of necessaries for herself and family, her husband included, as shall be evidenced by writing signed by herself and husband." The term *necessaries* should have a liberal construction.
3. A house rented for the residence of the husband, wife and family, suited to their circumstances, is a necessary for which the property of the wife may be made subject.

[The facts of the case are stated in the opinion of the court.—REP.]

*James Harrison* for appellants—

Mrs. Bergen owned, in fee, a house and lot in Louisville, which is sufficient for her own and family's use and occupation. Her husband rented of defendant a larger house to keep a boarding-house, and Mrs. Berger signed the lease, agreeing to pay rent.

This suit was brought to subject Mrs. Berger's estate to the payment of the rent. Only two questions are presented by the record :

1st. Is the lease such a writing, and executed as is contemplated by the 1*st section of the statute, title Husband and Wife,* (*Revised Statutes, p.* 388.) marital rights? The statute prohibits subjecting the estate of the wife except for necessaries for herself and family; and on a writing signed by herself and husband, without being executed by both, the estate of the wife is not bound

The 2d question is, is rent necessaries under the statute referred to ? The legislature could not have intended to enlarge the classification of necessaries;

and to ascertain what is regarded as necessaries, it is proper to look into the ruling of courts, and elementary writers.

*Roper's Jaw of Property,* 2d *volume, pages* 111 *and* 112, says : Lodging, clothing and subsistence, and such articles as comport, with the wife's condition in life, and her husband's fortune, and which are usually worn or possessed by persons in similar circumces in life, are necessaries.

1 *Scott, page* 458, (*Lowe vs. Griffith,*) it is ruled that house rent is not included among necessaries.

Blackstone, Roper, Storey, Parsons, and Chitty, do not place house rent in the class.

In one or two adjudicated cases, hired furnished rooms have been regarded as necessaries, in England.

The design of the legislature, in passing the law cited, was to protect the wife's estate against the contracts of the husband, and the influence which the man exercises over the woman. The presumption, from the pleadings, is that Bergen rented the house of defendant, and rented out his wife's house and lot and collected the rent, and induced her to sign the lease, when in fact neither her or the family required the use of defendant's house. The word necessaries imports something absolutely needed for the comfort of the family. It does not appear that the renting of a larger house was needed for the comfort of the family.

The legal meaning of the word necessaries, must of course greatly depend upon the peculiar absolute wants of a family ; and this court, in a case from Fayette circuit, extended the word to lawyers' fees ; but that was under very peculiar circumstances, arising from the necessity of defending a member of a family who was charged with felony.

*Stirman & Bennett,* for appellees—

This suit was instituted to recover from M. A. Bergen and her husband the amount of rent due the ap-

pellee on the bond filed in the record, by subjecting to the payment thereof a house and lot deeded to M. A. Bergen, (the wife,) on the 1st of May, 1851. The appellees seek to subject the lot of ground, upon the provisions of the statute providing for married women, in which is the following enactment: "The real estate, slaves, rent or hire of the life estate, shall be liable for her debts, &c., contracted or incurred before marriage, and for such contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing, signed by her and her husband."

The estate conveyed by the deed of Stokes to M. A. Bergen, is not a separate estate, such as can be charged by the execution of a note, the drawing or accepting a bill of exchange, &c., but can only be charged, as provided for in the statute, for necessaries. The sole question, then, presented on the record is, did the court err in decreeing for the plaintiffs below, the rent due to be paid by a sale of the house' and lot? Or, in other words, was the note given for necessaries? Can rent be called a necessary? If the rent of appellee's house was necessary for the appellant, and her family, and husband, and suitable to their condition in life, and comported with their circumstances, then it becomes as much a necessary as clothes to wear, or food. The term necessaries is not confined to what is merely necessary to support life, but includes many of the conveniences of refined society. It is a relative term, which must be applied to the circumstances and condition of the parties. The proof in this cause shows that the husband did not provide any other house for his wife and family. A house for them to live in was necessary—her husband provided none—no one else provided one— she stood in need of a house—she then had the right to rent, and to bind her estate.

Lodging and house rent are as much a necessary as clothing. The defendants in the court below do

not attempt to controvert the averment that no house in which for the said M. A Bergen and family to reside was provided, either by the husband or by any one else. Had another house been provided by him, or by any one else, then the house of appellees would have ceased to be necessary for the wife and family. None other having been provided by the husband, or any one else, the wife has the right to contract for and bind her own estate for the payment.

Wherefore the court having decreed in favor of appellees the amount due up to the time of taking possession of the house by M. C. Forsythe, and that the lot described in the deed from Stokes be sold to raise the sum found due, we find no error in the record, and ask that the judgment of the Louisville chancery court be affirmed, with costs and damages.

The court is referred to *Parons on Contracts, p.* 240, *note L: Kenton vs. Elliott,* 2 *Balstrode,* 69 ; *Lloyd vs. Johnson,* 1 *Bosanquet & Puller; Bouvier,* 207 ; *Chappel vs. Cooper,* 13 *Meason & Welby,* 252.

December 20.    Judge STITES delivered the opinion of the court:

This action was brought by Forsythe against Bergen and wife, upon their joint obligation for the rent of a dwelling house, alledged to have been used and occupid by them and their family for several months next before the suit. The petition charges that the house was needed by the family, and was rented by the wife, upon her credit, for herself and family. It is likewise alledged that the husband was, at the date of the contract, and when the suit was begun, insolvent, and that the only property liable to the payment of the debt, known to the plaintiff, was a house and lot belonging to the wife, held by a conveyance from Stokes, which was asked to be subjected for that purpose.

The answer admits the execution of the obligation by the husband and wife, and the use and occupation of the house thereunder ; but denies that the estate of the wife is subject—because, as they say,

the use of the house is not a necessary, within the meaning of the Revised Statutes, for which the wife can, by writing or otherwise, make her estate liable.

Upon hearing, the chancellor below awarded a judgment in favor of the plaintiff, against the husband *in personam*, and subjected the property of the wife to its satisfaction ; and from that judgment they have appealed.

The property of the wife thus subjected is not "separate estate," subject to alienation or charge at her will, independent of that of her husband ; but was, as appears from the deed, acquired by conveyance in the ordinary manner, and is held by her as other real estate, in which the husband has certain well defined interests growing out of his marital relations.

1. Property conveyed to a *feme covert*,by an ordinary deed of conveyance, not to be held as separate estate, is not liable for the debts of the husband contracted either before or after the marriage.— (*Rev. Stat , chap.* 47, *art.* 2, *sec.* 388.)

By the Revised Statutes, (*chapter* 47, *article* 2, *section* 388.) as well as by the act of 1845–46, (*Session Acts*, 1845–46,) such property is not liable to the debts of the husband contracted before or after marriage, but is liable for those of the wife incurred or contracted before marriage, and "for such contracted after marriage on account of *necessaries* for herself, or any member of her family, her husband included, as shall be evidenced by writing signed by herself and her husband."

2. But is liable for the debts of the wife contracted before marriage, "and for such contracted after marriage, on account of necessaries for herself and family, her husband included, as shall be evidenced by writing signed by herself and husband." The term *necessaries* should have a liberal construction.

The manifest object of the laws mentioned was to protect the property of the wife against the improvidence of the husband, and to invest her, as far as practicable, with control over her property, in order to insure to herself and family, including her husband, such maintenance and support as might be derived from the use and enjoyment of the property acquired by her before or after marriage. To carry out this benign purpose of the legislature, such interpretation should be given to the words used as will secure to the wife and her family the enjoyment of the estate. and at the same time protect it against the wasteful improvidence of the husband.

Bergen, &c.
*vs.*
Forsythe, &c.

The word "necessaries," as used in the act, should not be limited or restricted in its meaning. It was not thus intended, but was designed to embrace such things, considering the social position of the family, its style of living, and the estate of the wife, as the family, including the husband, ought properly to have.

It is said that the word "necessaries," in relation to an infant, is not used in a strict sense, and that there is, and can be, no positive rule to determine what are, and what are not, necessaries; but that questions of this kind are mixed questions of law and fact, to be determined by the peculiar circumstances of each case. The law determines whether articles of a certain *kind*, or certain *subjects* of expenditure, are necessaries; and whether the things had, and the subjects of expenditure, come within the classes are questions of fact. (*Parsons on Contracts*, 244) So may we say in regard to the word as here used in relation to a married woman and her family. If the articles had, or subjects of expenditure, are needful to the comfort of the family, or of any member thereof, comported with the position and estate of the wife, and are had and enjoyed at her instance and request; and the debt incurred therefor is evidenced by writing signed by herself and husband, then her property may be subjected to its payment.

**3.** A house rented for the residence of the husband & wife, and family, suited to their circumstances, is a necessary, for which the property of the wife may be made subject.

The evidence in this case shows that the house rented was suitable for the family, and necessary for its comfort and shelter, and also that it was procured at the instance of the wife, and by her solicitation and request. The obligation was executed by herself and husband, as required by the statute, and we do not perceive how the chancellor could poperly have avoided subjecting the property to the payment of the debt.

Judgment affirmed.